# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-51132
Summary Calendar

ANDRE TYRONE SOUTHALL

Plaintiff - Appellee - Cross-Appellant

v.

MATHEW ARIAS, Sheriff Deputy of Travis County

Defendant - Appellant - Cross-Appellee

Appeals from the United States District Court
for the Western District of Texas
1:05-CV-342

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Matthew Arias ("Arias"), a Travis County Deputy Sheriff, appeals the district court's denial of his summary judgment motion. Plaintiff, Andre Southall ("Southall"), alleges that Arias used excessive force against him in violation of his constitutional rights and seeks damages under 42 U.S.C. § 1983. Arias moved for summary judgment on three grounds: (1) that Southall did not allege sufficient facts suggesting Arias's personal involvement in the incident;

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) that Southall's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (3) that Arias is entitled to qualified immunity. The district court denied Arias's motion on all grounds. Because we lack jurisdiction to hear the appeal, we dismiss without reaching the merits. See Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 93-94 (1998) (holding that federal courts should not assume jurisdiction over a claim and then reject it on the merits, but should decide jurisdiction first).

Southall appeals the district court's initial denial of his requests for counsel during the discovery phase that occurred prior to Arias's filing for summary judgment. We dismiss the cross-appeal as moot.

I

Southall was incarcerated in the Travis County Jail as a pretrial detainee when an altercation took place between Southall and another inmate at the jail. During the officers' attempts to restrain Southall, he injured officer James Cunningham ("Cunningham") who had to be treated at the hospital for scrapes and cuts to his face and neck, as well as bruises to his legs. Southall pled guilty and was convicted of misdemeanor assault based on the incident with Cunningham. Southall, in his verified complaint, avers that he was thrown to the ground, handcuffed, and placed in leg restraints by Arias and another officer.[1] Southall states that, after being restrained, Cunningham, with the assistance of Arias, "maliciously and sadistically stomped" his head and beat him causing injuries to his back, neck ,and face, requiring stitches to his face. Arias filed the affidavits of two officers at the scene, the affidavit of another officer not at the scene, and police reports on the incident by which he claims that no excessive force was used. Neither the affidavits of the officers nor the reports

---

[1] We, as did the district court, treat verified complaints as having the force and effect of an affidavit pursuant to 28 U.S.C. § 1746, which provides that "in all federal proceedings, written declarations made under penalty of perjury are permissible in lieu of a sworn affidavit subscribed to before a notary public."

include any indication that the post-restraint violence alleged by Southall occurred.

II

First, Arias contends that the facts alleged in Southall's complaint are deficient to show Arias's personal involvement in a constitutional violation. This cannot be reviewed prior to a final judgment. Our interlocutory review extends only to denials of summary judgment sought on qualified immunity grounds. See Gobert v. Caldwell, 463 F.3d 339, 344 (5th Cir. 2006) (noting that ordinarily a denial of summary judgment is not final within the meaning of 28 U.S.C. § 1291).

Second, a district court's failure to apply Heck v. Humphrey cannot be reviewed on interlocutory appeal. The Heck doctrine, a facet of issue preclusion or collateral estoppel, prevents persons, in most situations, from bringing a § 1983 action for damages where recovery would require the invalidation of a prior conviction or sentence based on the same facts. In Heck, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck, 512 U.S. at 486-87.

Unlike immunity rights, an appellate court can effectively review the applicability of Heck after an entry of final judgment making interlocutory review unnecessary. See Cunningham v. Gates, 229 F.3d 1271, 1284 (9th Cir. 2000) (finding no appellate jurisdiction to review applicability of Heck on denial of summary judgment); cf. Digital Equipment Corp. v. Desktop Direct, Inc., 511

3

U.S. 863, 872 (1994) (suggesting that the collateral order doctrine does not apply to a district court's refusal to dismiss on grounds of res judicata).

Considering Arias's third ground, a district court's denial of summary judgment on qualified immunity grounds can be immediately appealed under the collateral order doctrine. However, our interlocutory review is limited. "In an interlocutory appeal we lack the power to review the district court's decision that a genuine factual dispute exists." Kinney v. Weaver, 267 F.3d 337, 348 (5th Cir. 2004) (en banc). We must "accept the plaintiff's version of the facts as true and may review de novo only the purely legal question of whether the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on [that] given set of facts." Gobert, 463 F.3d at 345 (citing Kinney) (internal quotation marks omitted).

On appeal, Arias attempts to establish that he is entitled to qualified immunity by undermining the factual allegations raised in Southall's verified complaint. He supplies a single sentence stating that, "even if Plaintiff's factual allegations are taken as true, they are not sufficient to constitute deliberate indifference."[2] However, he offers no argument to establish that he is entitled to qualified immunity in light of Southall's factual allegations. Instead, his brief analyzes the propriety of his actions based on his own version of the facts, a version that does not include the stomping alleged by Southall. Arias's entire argument for qualified immunity depends on disputed factual issues that we cannot resolve at this stage. As a result, he has waived any opportunity for interlocutory review that might otherwise have been available. See United States v. Tomblin, 46 F.3d 1369, 1376 (5th Cir. 1995) (refusing to address an

---

[2] Arias immediately follows this statement with: "The issue of whether the evidence is sufficient to demonstrate deliberate indifference is a legal issue that the Fifth Circuit may review on interlocutory appeal." Arias appears to misunderstand the nature of our review on interlocutory appeal. Our precedent is clear in stating that, "in an interlocutory appeal we cannot challenge the district court's assessments regarding the sufficiency of the evidence." Kinney, 367 F.3d at 347.

argument for which no legal authority was given); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (holding that issues not argued are abandoned).

Southall's cross-appeal argues that the district court erred in denying him appointed counsel at an earlier stage in his action, when counsel would have been more able to aid in discovery. In its order on Arias's summary judgment motion, the district court appointed counsel and also determined that an additional period of discovery would be proper. Because Southall has now been appointed counsel and further discovery will occur, we dismiss Southall's cross-appeal as moot.

### III

For the foregoing reasons we DISMISS the appeal because we lack appellate jurisdiction to review the district court's order denying summary judgment.